**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Patrick S. Walsh

     v.                             Civil No. 08-cv-327-JL

State of New Hampshire, et al.[1]

**<u>REPORT AND RECOMMENDATION</u>**

Patrick Walsh has filed this action, pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights have been violated as a result of his improper arrest in the spring of 2004, and his resulting detention and prosecution.  Because Walsh is a prisoner filing pro se, his complaint is before me for preliminary review to determine whether he has stated any claim upon which relief might be granted.  <u>See</u> 28 U.S.C. § 1915A(a); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2).  As explained fully herein, I recommend dismissal of this complaint.

---

[1] In addition to the State of New Hampshire, Walsh has named Concord Police Officer Buelte, the unnamed individual who was the Chief of the Concord Police Department in 2004, and Bail Commissioner Tucker as defendants to this action.

Standard of Review

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review.  LR 4.3(d)(2).  In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded.  See Erickson v. Pardus, 551 U.S. 89, ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520–21 (1972) to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).  All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true.  See id.  This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

In the spring of 2004, Walsh was in the parking lot in front of the apartment complex in Concord, New Hampshire where his girlfriend lived.  Walsh states that Concord Police Officer Buelte arrested him on a charge that he possessed an open container of alcohol, in violation of a Concord city ordinance. The officer then placed handcuffs on him, searched him, and transported him to the Police Department and/or the Merrimack County House of Corrections.  The following day, Walsh was released from the Merrimack County House of Corrections after paying a $30 bail fee to Bail Commissioner Tucker.

Plaintiff alleges that he went to trial on the violation that he illegally possessed an open container of alcohol and was convicted in the Concord District Court.  On July 30, 2004, plaintiff appealed his conviction to the New Hampshire Supreme Court.  On September 6, 2005, the New Hampshire Supreme Court granted the State's motion to vacate the conviction and remand the matter to the Concord District Court for revocation of the sentence and dismissal of the charges.

Discussion

I.   The Claims[2]

     A.   False Arrest and False Imprisonment

     Walsh alleges that his arrest and subsequent overnight
detention on a violation-level city ordinance, punishable only by
a fine, violated his constitutional right to be secure in his
person as guaranteed by the Fourth and Fourteenth Amendments to
the United States Constitution.  See U.S. Const. amend. IV ("The
right of the people to be secure in their persons, . . . against
unreasonable searches and seizures, shall not be violated, and no
Warrants shall issue, but upon probable cause, . . .."  To
comport with the strictures of the Fourth amendment, a
warrantless arrest must be supported by probable cause.  See
United States v. Link, 238 F.3d 106, 109 (1st Cir. 2001)
("Probable cause exists if, at the time of the arrest, the
collective knowledge of the officers involved was sufficient to
warrant a prudent person in believing that the defendant had
committed or was committing an offense.").  Walsh does not deny

_____

     [2]The claims as identified in this Report and Recommendation
will be considered for all purposes to be the claims raised in
the complaint.  If Walsh disagrees with the identification of the
claims herein, he must do so by properly objecting to this Report
and Recommendation or by filing a motion to amend his complaint.

that he was, at the time of the arrest, committing the offense of possessing an open container of alcohol, or that Buelte lacked probable cause to believe that he had committed that offense. Instead, Walsh appears to have grounded this action solely on his belief that it was illegal to subject him to arrest and detention for a violation level city ordinance.

The First Circuit has held that a custodial arrest for a fine-only ordinance, and subsequent detention thereupon, "is not *inevitably* unreasonable," and thus does not constitute a per se violation of the arrestee's Fourth Amendment rights.  <u>Diaz v. City of Fitchburg</u>, 176 F.3d 560, 564 (1st Cir. 1999) (acknowledging that there may be circumstances where a custodial arrest and detention for a fine-only ordinance violation would be unreasonable, but finding that there is no presumption of unreasonableness in such a case) (emphasis in original).  It is the wiser course to examine whether the conduct of the government in a particular case was reasonable under the circumstances.  <u>Id.</u> While Walsh characterizes his arrest and detention as a "kidnapping," and his handcuffing as an "assault," he does not, beyond those editorializations, provide a single fact from which this Court could conclude or infer that the conduct of the

arresting officer was unreasonable, or that the arrest was based on anything less than probable cause.  Accordingly, Walsh has failed to allege a violation of his Fourth Amendment rights, and I recommend that the claims alleging false arrest and false imprisonment be dismissed.

        B.   Malicious Prosecution

        In order to assert a cause of action for a malicious prosecution claim under § 1983, a plaintiff must establish that the criminal charges at issue resulted in some deprivation of liberty consistent with the concept of seizure that violated the Fourth Amendment.  See Nieves v. McSweeney, 241 F.3d 46, 54 (1st Cir. 2001); Britton v. Maloney, 196 F.3d 24, 28-29 (1st Cir. 1999).  A plaintiff alleging malicious prosecution must also establish that (1) the criminal action in question was initiated and instigated by the defendant or defendants, (2) the prosecution culminated in favor of the plaintiff, (3) the defendant or defendants acted with malice and absent probable cause, and (4) the plaintiff suffered damages.  Meehan v. Town of Plymouth, 167 F.3d 85, 88-89 (1st Cir. 1999).  Walsh baldly alleges that "Concord District Court case # 04-CR-02941 was a malicious prosecution against plaintiff."  Walsh has not alleged

a single fact that would permit the inference that any of the
defendants named acted with malice or absent probable cause in
pursuing charges against Walsh, or that the plaintiff suffered
damages as a result of being convicted, and then absolved, of an
open container violation.  I find, therefore, that Walsh has
failed to allege sufficient facts to support a cause of action
for malicious prosecution, and I recommend the dismissal of that
claim.

>      C.   <u>Right of Association</u>

The First Amendment protects an individual's right to
freedom of association.  <u>See</u> U.S. Const. amend. I.  Walsh was
arrested in the parking lot in front of his girlfriend's
apartment complex.  He alleges that his arrest, therefore,
violated his right to freely associate with his girlfriend, in
violation of the First Amendment.  If his arrest was not
unlawful, however, the reasonable restraint of his liberty
pursuant to that arrest was proper, and did not violate any right
protected by the First Amendment.  <u>See</u> <u>Bemis v. Kelley</u>, 671 F.
Supp. 837, 842 (D. Mass. 1987) (finding no violation of freedom
of association when the subject of a proper warrantless arrest is
involuntarily transported to the police department after arrest).

As previously stated, the facts alleged by Walsh do not support a finding that the police officer's actions constituted an unreasonable restraint of Walsh's liberty.  It follows that there was, therefore, no violation of Walsh's associational rights, and I recommend dismissal of this claim.

II.   <u>The Defendants</u>

A.   <u>The Concord Police Officers</u>

Walsh has alleged false arrest and malicious prosecution claims against Officer Buelte as well as the person who was Chief of the Concord Police Department in 2004, based on his failure to properly supervise and train the officers, presumably in relation to proper arrest and prosecution procedures.  Because I recommend that the claims alleged against the Concord Police Officers be dismissed, I recommend that these officers also be dismissed from this action.

B.   <u>Bail Commissioner Tucker</u>

Under New Hampshire law, bail commissioners are authorized to fix and receive bail in the same manner as the court, except in cases where an arrestee is charged with murder.  N.H. Rev. Stat. Ann. §§ 597:15 & 597:18 (2001).  Quasi-judicial immunity shields bail commissioners from civil liability for actions taken

in that capacity.  <u>See</u> <u>Briand v. Morin</u>, No. Civ. 02-540-JD, 2003 WL 540185, *1 (D.N.H. Feb. 25, 2003) (citing <u>Thompson v. Sanborn</u>, 568 F. Supp. 385, 391 (D.N.H. 1983)).  Walsh alleges that Tucker acted in his capacity as a bail commissioner in fixing Walsh's bail and receiving the bail fee from Walsh.  Accordingly, quasi-judicial immunity shields Tucker from liability, and I recommend that he be dismissed from this action.

     C.   <u>The State of New Hampshire</u>

Walsh names the State of New Hampshire as a defendant to this action.  Walsh has not alleged any specific acts by the State except that it was the prosecuting authority in his open container case.  Because I find that Walsh has not stated any viable claim related to his prosecution, I recommend the State of New Hampshire be dismissed from this action.

<u>Conclusion</u>

I find that Walsh has failed to state any claim upon which relief might be granted.  Accordingly, I recommend that this action be dismissed in its entirety.

Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to

appeal the district court's order.   See Unauthorized Practice of
Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992);
United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).


_____
James R. Muirhead
United States Magistrate Judge

Date:      February 5, 2009

cc:        Patrick S. Walsh, pro se

10